IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

NINA SHAHIN,                                    )
                                                )
            Plaintiff,                          )
                                                )
      v.                                        )  Civ. Action No. 07-644-GMS
                                                )
STATE OF DELAWARE and                           )
DEPARTMENT OF FINANCE DIVISION                  )
OF ACCOUNTING,                                  )
                                                )
            Defendants.                         )

## MEMORANDUM

## I. INTRODUCTION

The plaintiff, Nina Shahin ("Shahin"), who proceeds *pro se*, filed this lawsuit on October

16, 2007, alleging employment discrimination pursuant to Title VII of the Civil Rights Act of

1964, 42 U.S.C. § 2000e-5 and the Age Discrimination in Employment Act ("ADEA"), 29

U.S.C. §§ 621 through 634. (D.I. 2.) Shahin alleges discrimination by reason of national

original and age and in retaliation for filing prior charges of discrimination. She seeks the

maximum relief allowed by law. Before the court are Shahin's motions to extend the discovery

deadline, to compel, and for sanctions. (D.I. 33, 36, 56, 57.) Also pending are the parties' cross-

motions for summary judgment. (D.I. 37, 45.) For the reasons that follow, the court will deny

Shahin's motions and will grant the defendants' motion for summary judgment.

## II. BACKGROUND

Shahin has filed numerous lawsuits against different agencies of the State of Delaware

alleging employment discrimination. On May 20, 2008, Shahin sought to consolidate several

cases, including the case at bar. (D.I. 14.) The court exercised its discretion and denied the motion. (D.I. 21.) It also denied Shahin's motion for reconsideration of the order. (D.I. 23, 34.) Shahin appealed the order to the United States Court of Appeals for the Third Circuit, and the appeal was dismissed for lack of jurisdiction. (D.I. 35, Civ. No. 07-641, D.I. 44.)

Shahin applied for positions in the defendant Delaware Department of Finance ("the State") of accountant (posting #06-9), accountant IV (posting #06-13-2), and accountant V (posting #06-12). (D.I. 2, ex.) Shahin's national origin is Ukraine. (*Id.*) She was not hired for the positions and alleges that three positions were filled with applicants with less experience and education. Shahin alleges that she was "specifically asked what was her nationality." (D.I . 2, ¶ 9.)

Shahin filed a charge of discrimination on October 30, 2006. (D.I. 2, ex.) In the charge, Shahin states that she was not hired to the accountant II position in retaliation for previously filed charges of discrimination; with regard to the accountant IV position; a written test was introduced after the employment advertisement was posted as a measure to eliminate her as a discriminatory act based upon her age and national origin; and following her interview for the accountant V position, the interviewer asked about her national origin. (*Id.*)

The two accountant II positions were filled by white females over age forty, the two accountant IV positions were filled by a black female under forty and an Asian female under forty, and the accountant V position was filled by a white female over forty. (D.I. 30, interrog. No. 1.) The record does not indicate the national origin of the applicants. The successful applicants have years of accounting and payroll experience as well as years of employment with

the State. (*Id.* at interrog. 2.) At least two of the successful applicants are certified public accountants and one of the candidates has a master's degree in business administration. (*Id.*)

Shahin has extensive experience in the accounting field. (D.I. 49, ex. I.) In addition, she is a certified public accountant and has master's degrees in taxation and accounting science. (*Id.*) Other than Shahin's statement that one interviewer inquired of her national origin and the charge of discrimination referring to her national origin of Ukraine, the evidence of record makes no reference to her national origin.

## III. MISCELLANEOUS MOTIONS

### A. Motion to Extend Discovery Deadline

The court entered a second scheduling order on August 31, 2009, setting a discovery deadline of March 5, 2010. (D.I. 31.) The original discovery deadline was September 19, 2008. (D.I. 11.) On March 8, 2010, Shahin file a "motion for delay in discovery deadline" which the court construes as a motion to extend the discovery deadline. (D.I. 33.) Shahin filed the same motion in three other cases. (*See* Civ. Nos. 07-641-GMS; 07-642-GMS; 07-643-GMS.) The basis for her request was a pending motion for reconsideration, the four cases are in the same stage of litigation, interrogatories have been served and responded to, and she can afford to depose witnesses in only one lawsuit.

The pending motion for reconsideration had no effect on the parties ability to proceed with discovery. Moreover, the court has already extended the discovery deadline once. The court finds unavailing her reasons for an extension of time. Therefore, the court will deny the motion. (D.I. 33.)

### B. Motion to Compel

Shahin filed a motion to compel the State to answer the following interrogatory: "Did the appointed individual have any relatives, friends, or neighbors among the employees of the Department? Did the appointed individual have any relatives among the Delaware legislators (of any house)?" (D.I. 30, interrog. No. 5.) The State objected to the interrogatory as overly broad, vague, and seeking information that is neither relevant to the subject matter of the litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Shahin contends that the interrogatory seeks information that goes to the issue of discrimination on national origin and the age of a more qualified candidate as in a prior case.

The State's objection is sustained. The court finds that any information regarding relatives, friends or neighbors of hired individuals in an attempt to show that individuals were hired based upon their relationships with others irrelevant to the issues of national origin or age discrimination. For the above reasons, the court will deny the motion to compel.[1] (D.I. 36.)

### C. Motion for Sanctions

Shahin filed a Rule 11 motion for sanctions against defense counsel following submission of the State's response to Shahin's motion for summary judgment and the State's filing of its

---

[1]Similar to the motion to extend the discovery deadline, Shahin filed the same motion in three other cases with specific argument for each case contained in a single motion. (*See* Civ. Nos. 07-641-GMS; 07-642-GMS; 07-643-GMS.) The court has denied Shahin's motion to consolidate these cases. Filings containing argument for all cases are confusing and sap precious court resources to sift through each motion to determine the applicable argument for each case. Shahin is placed on notice that, in the future, similar filings will be docketed, not considered, and summarily denied. Shahin is required to file separate motions with separate argument for each case.

motion for summary judgment.[2] (D.I. 56, 57.) Shahin takes exception to defense counsel's argument in opposition to her motion and in support of its motion. More particularly, she contends that a reference to case law is misplaced, defense counsel failed to provide legal support for the position that there are differing standards under Title VII for private and non-private discriminating employers, and defense counsel made the claim to "fool, denigrate, and deprive" Shahin of her rights under Title VII. She also contends there is no basis to the State's motion for summary judgment, the State's filings are a form of harassment, and it has made numerous false clams. Shahin seeks sanctions for defense counsel's misinterpretation and misapplication of the law.

The motions for sanctions have no merit. Therefore, the court will deny both motions. (D.I. 56, 57.)

## IV. SUMMARY JUDGMENT

### A. Standard of Review

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that no genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.10 (1986). The facts must be viewed in the light most favorable to the nonmoving party and all reasonable inferences from the evidence must be drawn in that parties' favor. *Conopco, Inc. v. United States*, 572 F.3d 162, 165

---

[2]Once again, Shahin filed the same motion in three other cases with specific argument for each case contained in a single motion. (*See* Civ. Nos. 07-641-GMS; 07-642-GMS; 07-643-GMS.)

(3d Cir. 2009). A genuine issue of material fact exists "if the evidence is such that a reasonable

jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 248 (1986). "In considering a motion for summary judgment, a district court may not make

credibility determinations or engage in any weighing of the evidence; instead, the non-moving

party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'"

*Marino v. Industrial Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson,* 477 U.S.

at 255). If the court determines that there is no genuine issue as to any material fact and that the

movant is entitled to judgment as a matter of law, summary judgment is appropriate. *See Hill v.

City of Scranton*, 411 F.3d 118, 125 (3d Cir. 2005). With respect to summary judgment in a

discrimination case, the court's role is "to determine whether, upon reviewing all the facts and

inferences to be drawn therefrom in the light most favorable to the plaintiff, there exists

sufficient evidence to create a genuine issue of material fact as to whether the employer

intentionally discriminated against the plaintiff." *Blozis v. Mellon Trust of Delaware Nat'l

Ass'n*, 494 F. Supp. 2d 258, 267 (D. Del. 2007) (quoting *Hankins v. Temple Univ.*, 829 F.2d 437,

440 (3d Cir. 1987)).

Shahin moves for summary judgment on the grounds that the State has failed to provide

adequate reasons why internal, less qualified, and younger American born candidates were

selected to the position to which she applied. She further contends that summary judgment is

appropriate pursuant to Fed. R. Civ. P. 37 because the State failed to provide discovery regarding

the connections of the candidate with the family and friends of Delaware legislators and to

cooperate in discovery. The State moves for summary judgment on the grounds that the age

discrimination claim is barred by the State's Eleventh Amendment immunity and Shahin failed to

-6-

establish a prima facie case of discrimination.  In the alternative, the State argues it has set forth a legitimate, non-discriminatory reason for not hiring Shahin.

### B. Discussion

#### 1. Age Discrimination in Employment Act

Under the ADEA, "[i]t shall be unlawful for an employer . . . to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's age." 29 U.S.C. § 623(a).  The ADEA includes in its definition of employer "a State or political subdivision of a State.  29 U.S.C. § 630(b)(2).  The Supreme Court held in *Kimel v. Florida Bd. of Regents*, 528 U.S. 62 (2000) that Congress did not validly abrogate the states' sovereign immunity to suits by private individuals for suits filed pursuant to the ADEA.  Therefore, the State is immune from suit for damages under the Eleventh Amendment for Shahin's age discrimination claim under the ADEA.  *See Shahin v. Delaware Dep't of Fin.*, 344 F. App'x 765 (3d Cir. 2009) (not published).  For the above reasons, the court will deny Shahin's motion for summary judgment and will grant the State's motion for summary judgment as to the claim raised under the ADEA.

#### 2. Title VII - National Origin Discrimination

Shahin alleges she was not hired based upon her national origin and that less qualified individuals received the positions.  A plaintiff may prove national origin discrimination by direct evidence as set forth in *Price Waterhouse v. Hopkins*, 490 U.S. 228, 244-46 (1989), or indirectly through the familiar burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  "Direct evidence" is evidence sufficient to allow the jury to find that "the

decisionmakers placed substantial negative reliance on [national origin] in reaching their decision." *Price Waterhouse*, 490 U.S. at 277.

Shahin provided no direct evidence of discrimination by reason of her national origin. Because she failed to present direct evidence that she was not hired due to her national origin, the court turns to the *McDonnell Douglas* burden-shifting framework. Under this framework, Shahin must first establish a prima facie case of national origin discrimination by proving that: (1) she is a member of a protected class; (2) she sought and was qualified for a job for which the employer was seeking applicants' (3) that despite her qualifications, she was rejected; and (4) under circumstances that raise an inference of discriminatory action, the employer continued to seek out individuals with qualifications similar to the plaintiff's to fill the position. *McDonnell Douglas,* 411 U.S. at 802; *Sarullo v. United States Postal Serv.*, 352 F.3d 789 (3d Cir. 2003); *accord Iyer v. Everson,* 238 F. App'x 834 (3d Cir. 2007) (not published). The elements of a prima facie case may vary depending on the facts and context of the particular situation. *See Pivirotto v. Innovative Sys. Inc.*, 191 F.3d 344, 352 (3d Cir. 1999).

If plaintiff succeeds in establishing a prima facie case, the burden shifts to defendant employer to proffer "legitimate non-discriminatory" reason for its actions. *See Woodson v. Scott Paper Co.*, 109 F.3d 913, 920 n.2 (3d Cir. 1997). If defendant meets this burden, the burden again shifts to plaintiff to demonstrate, by a preponderance of the evidence, that the employer's rationale is pretextual. *McDonnell Douglas*, 411 U.S. at 804. To do this, plaintiff must "point to some evidence, direct or circumstantial, from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the

-8-

employer's action." *Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir. 1994) (citations omitted). "[T]o avoid summary judgment, the plaintiff's evidence rebutting the employer's proffered legitimate reasons must allow a factfinder reasonably to infer that each of the employer's proffered non-discriminatory reasons was either a post hoc fabrication or otherwise did not actually motivate the employment action (that is, the proffered reason is a pretext)." *Harding v. Careerbuilder, LLC*, 168 F. App'x 535, 537 (3d Cir. 2006) (not published) (quoting *Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir. 1994) (internal citations and other citations omitted)).

Initially the court notes that under Title VII, "[t]he term 'national origin' on its face refers to the country where a person was born, or, more broadly, the country from which his or her ancestors came." *Espinoza v. Farah Mfg. Co.*, 414 U.S. 86, 88 (1973). National origin is distinct from citizenship. For example, the prohibition of discrimination based on "national origin" does not prohibit discrimination on the ground of citizenship. *Id.* at 89 ("Congress did not intend the term 'national origin' to embrace citizenship requirements.").

Shahin alleges discrimination by reason of her national origin. She specifically alleges that on one occasion following her interview she was asked her national origin. Her other allegations are that she was not hired for one position in retaliation for prior discrimination charges and she was not hired when the State included additional qualifications after-the-fact. Shahin's main argument focuses on an applicants "connections" in the hiring process rather than national origin. The court observes that the argument that the State hired internally, or hired those with family, friends, or political connections is a red herring. Whether the State hired those with family, friends or political connections, is not relevant to the issue of discrimination based upon national origin.

The State argues that Shahin has failed to establish a prima facie of discrimination. More particularly, that she was not hired under circumstances that raise an inference of discriminatory action. Shahin's complaint, under penalty of perjury, states that her national origin was questioned on one occasion by an unnamed interviewer. This raises a slight specter of discriminatory intent. Nothing else in the record, however, suggests the failure to hire her was due to her national origin. *See Iyer v. Everson,* 238 F. App'x 834 (3d Cir. 2007) (not published) (unsuccessful applicant for position did not establish prima facie case of discrimination because he did not present evidence of circumstances that raised an inference of discriminatory action; he did not establish causal nexus between his membership in protected class and decision not to hire him through mere assertion that he was not hired because of his age, race, national origin, or religion). Nor does the record contain evidence of the national origin of the selected applicants as opposed to Shahin's national origin. Based upon the foregoing, the court finds that Shahin failed to establish a prima facie case of discrimination.

Assuming arguendo that Shahin established a prima facie case of discrimination, the State is correct in its position that it has met its burden by articulating a legitimate, nondiscriminatory reason for not hiring her. Shahin has not pointed to sufficient record evidence from which a reasonable fact finder could conclude that their reasons for failing to hire her were pretextual and not the real motivation for the unfavorable job action.

The evidence of record indicates that the successful applicants had numerous years of State employment experience. Indeed, the successful applicants had hire dates of 1982, 1995, 1998, 2001, and 2006. All of them had prior accounting or payroll experience, and at least two of them had college degrees and were certified public accountants. Shahin attempts to rebut the

State's position by relying upon newspaper articles, various other exhibits unrelated to the issues in this case, and her "connection theory." The exhibits and the "connection theory" are not relevant to the issue of national origin discrimination. The court finds Shahin's position spurious and unavailing.

There is nothing before the court that contradicts the proffered reason for the failure to hire Shahin for the accountant positions to which she applied. Nor is the State's proffered reason for its action weak, incoherent, implausible, or so inconsistent that a reasonable factfinder could rationally find it unworthy of credence. *See Sarullo v. United States Postal Service*, 352 F.3d 789, 800 (3d Cir. 2003). Even construing the evidence in the light most favorable to Shahin, she has not provided evidence from which a fact finder could either disbelieve the State's articulated reason, or believe that a discriminatory reason was more likely than not the cause of the employment action. There is no genuine dispute on the dispositive legal issue, whether the State had a discriminatory motive. Accordingly, the court will deny Shahin's motion for summary judgment and will grant the State's motion for summary judgment on the issue of national origin discrimination. (D.I. 37, 45.)

## V. CONCLUSION

For the above reasons, the court will deny Shahin's motions and will grant the State's motion for summary judgment. (D.I. 33, 36, 37, 45, 56, 57.) An appropriate order will be issued.

_Nov 30_ , 2010
Wilmington, Delaware

CHIEF UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

NINA SHAHIN,                                    )
                                               )
              Plaintiff,                        )
                                               )
       v.                                       )  Civ. Action No. 07-644-GMS
                                               )
STATE OF DELAWARE and                           )
DEPARTMENT OF FINANCE DIVISION                  )
OF ACCOUNTING,                                  )
                                               )
              Defendants.                       )

## ORDER

At Wilmington this _30Th_ day of _____Nov_____, 2010, for the reasons set forth

in the Memorandum issued this date;

1. The plaintiff's motion for extension of time to complete discovery is **denied**. (D.I.

33.)

2. The plaintiff's motion to compel is **denied**. (D.I. 36.)

3. The plaintiff's motion for summary judgment is **denied.** (D.I. 37.)

4. The defendants' motion for summary judgment is **granted**. (D.I. 45.)

5. The plaintiff's motions for sanctions are **denied**. (D.I. 56, 57.)

6. The plaintiff is placed on notice that filings containing argument for multiple cases

will be docketed, not considered, and summarily denied. The plaintiff is required to file separate

motions with separate argument in her pending cases.

7. The clerk of court is directed to enter judgment in favor of the defendants and against the plaintiff and to close the case.

_____
CHIEF, UNITED STATES DISTRICT JUDGE